[Cite as *State v. Queer*, 2013-Ohio-3585.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 12-COA-041 |
| SAMUEL J. QUEER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. 12-CRI-046


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     August 19, 2013


APPEARANCES:

For Plaintiff-Appellee

RAMONA FRANCESCONI ROGERS
PROSECUTING ATTORNEY
MARISSA M. PAPPAS
ASSISTANT PROSECUTOR
110 Cottage Street, Third Floor
Ashland, Ohio 44805

For Defendant-Appellant

MATTHEW J. MALONE
11-1/2 East 2nd Street
Ashland, Ohio 44805

*Wise, J.*

{¶1} Appellant Samuel J. Queer appeals his sentences in the Court of Common Pleas, Ashland County, for attempted robbery and theft. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} According to the allegations in the record, on April 24, 2012, appellant and an accomplice took a taxi to a Wal-Mart store in Ashland, Ohio and exited without paying the driver. The couple then went into the store and took merchandise without paying. Later that day, appellant went to a Moto Mart store and ordered the cashier to empty the register, claiming he had a gun in his pocket. He also pushed a woman during his flight from the scene.

{¶3} On April 27, 2012, appellant was indicted by the Ashland County Grand Jury on one count of robbery (R.C. 2911.02(A)(2) – a felony of the second degree), one count of robbery (R.C. 2911.02(A)(3) – a felony of the third degree), and three counts of petty theft (R.C. 2913.02(A)(1) – misdemeanors of the first degree).

{¶4} Appellant appeared for arraignment on April 30, 2012, and entered pleas of not guilty to all five counts. In August 2012, prior to trial, appellant and the State reached a plea agreement. Essentially, appellant agreed to enter guilty pleas to two counts of attempted robbery (one count a felony of the third degree and the other count a felony of the fourth degree) and the three counts of petty theft.

{¶5} After holding a sentencing hearing and obtaining a presentence investigation, the trial court sentenced appellant as follows:

{¶6} Count I, attempted robbery, in violation of R.C. 2923.02(A) and R.C. 2911.02(A)(2), a felony of the third degree, fifty-four months in prison and a fine of $1,000.00;

{¶7} Count II, attempted robbery, in violation of R.C. 2923.02(A) and R.C. 2911.02(A)(3), a felony of the fourth degree, fifteen months in prison, to be served consecutively, and a fine of $500.00;

{¶8} Count III, petty theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree, one hundred eighty days in prison, to be served concurrently, and a fine of $100.00;

{¶9} Count IV, petty theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree, one hundred eighty days in prison, to be served concurrently, and a fine of $100.00;

{¶10} Count V, petty theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree, one hundred eighty days in prison, to be served concurrently, and a fine of $100.00.

{¶11} The trial court further ordered that appellant receive credit for the two hundred five days appellant spent in the Ashland County Jail, plus one day of credit for each day served while awaiting transfer to the receiving institution.

{¶12} On November 6, 2012, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶13} "I. THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSED CONSECUTIVE SENTENCES UPON DEFENDANT/APPELLANT PURSUANT TO OHIO REVISED CODE SECTION 2929.14(C)(4); SAID

CONSECUTIVE SENTENCES EXCEEDED THE MAXIMUM PRISON TERM PURSUANT TO OHIO REVISED CODE SECTION 2929.14(A)(3)(a), AND WERE NOT CONSISTENT WITH THE DIRECTIVES ESTABLISHED IN OHIO REVISED CODE SECTION 2929.14(C)(4) AND/OR WERE CLEARLY AND CONVINCINGLY CONTRARY TO LAW.

{¶14} "II. THE SENTENCES IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, CREATED AN UNNECESSARY BURDEN ON STATE AND/OR LOCAL GOVERNMENT RESOURCES IN VIOLATION OF OHIO REVISED CODE SECTION 2929.13(A)."

I.

{¶15} In his First Assignment of Error, appellant contends the trial court erred in imposing consecutive sentences totaling sixty-nine months (fifty-four plus fifteen) on his two attempted robbery convictions. We disagree.

{¶16} In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, a plurality opinion, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.* We have recognized that "[w]here the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation." *State v. Firouzmandi,* Licking App.No. 2006–CA–41, 2006–Ohio–5823, ¶ 52.

**{¶17}** R.C. 2953.08(C)(1) states in pertinent part as follows:

**{¶18}** "In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (C)(3) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. ***."

**{¶19}** Pursuant to App.R. 5(D)(2), an assignment of error challenging consecutive sentences is to be deemed a timely motion for leave to appeal pursuant to R.C. 2953.08(C).

**{¶20}** However, the right to appeal a sentence under R.C. 2953.08(C) does not mean that consecutive sentences for multiple convictions may not exceed the maximum sentence allowed for the most serious conviction. *See State v. Beverly*, Delaware App.No. 03 CAA 02011, 2003–Ohio–6777, ¶ 17 (additional citations omitted).

**{¶21}** 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The General Assembly has thus expressed its intent to revive the statutory fact-finding provisions pertaining to the imposition of consecutive sentences that were effective pre-*Foster*. *See State v. Wells*, Cuyahoga App.No. 98428, 2013-Ohio-1179, ¶ 11. These revisions to the felony sentencing statutes now require a trial court to make specific findings when imposing consecutive sentences. Nonetheless, "[a]lthough H.B. 86 requires the trial court to make findings before imposing a

consecutive sentence, it does not require the trial court to give its reasons for imposing the sentence." *State v. Bentley*, Marion App.No. 9–12–31, 2013-Ohio-852, ¶ 12, citing *State v. Frasca,* Trumbull App.No. 2011–T–0108, 2012–Ohio–3746, ¶ 57. Likewise, "*** under H.B. 86, a trial court is not required to articulate and justify its findings at the sentencing hearing when it imposes consecutive sentences as it had to do under S.B. 2." *State v. Redd*, Cuyahoga App.No. 98064, 2012-Ohio-5417, ¶ 12. But the record must clearly demonstrate that consecutive sentences are not only appropriate, but are also clearly supported by the record. See *State v. Bonnell,* Delaware App.No. 12CAA3022, 2012–Ohio–5150.

**{¶22}** R.C. 2929.14(C)(4) provides, in relevant part:

**{¶23}** "If multiple prison terms are imposed on an offender for convictions of multiple offenses the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender **and** that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, **and** if the court also finds any of the following:

**{¶24}** "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶25}** "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses

committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶26}** "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." (Emphases added).

**{¶27}** In the case sub judice, appellant does not dispute that the two felony sentences are within the statutory parameters for third-degree and fourth-degree felonies under R.C. 2929.14(A)(3) and (A)(4). *See* Appellant's Brief at 7. The trial court set forth the following findings at sentencing: "[C]onsecutive sentences in this case are necessary to protect the public from future crimes and that consecutive sentences are not disproportionate to the seriousness of your conduct and the danger that you pose to the public. I am further finding that your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from the future crimes, as well, and it is therefore the Order of the Court that the sentence for Count I, 54-month prison sentence be served consecutive to the sentence for Count II, the 15-month prison sentence." Tr., Sentencing Hearing, October 15, 2012, at 12 - 13.

**{¶28}** The record indicates that appellant has a history of adult criminal convictions going back more than ten years. In 2005, he was incarcerated in Tennessee for five counts of aggravated robbery. Upon his release he began reoffending. He was convicted of theft in March 2012 in Tennessee shortly before coming to Ohio. Furthermore, his Tennessee record shows several probation violations. Appellant also admittedly has a long history of drug and alcohol abuse that relates to his offenses, but he has failed to seek treatment for these issues. He was

also named in numerous misconduct reports while being held at the Ashland County Jail.

**{¶29}** Upon review, we find the trial court adequately made the findings required by R.C. 2929.14(C)(4) in considering appellant's total sentence, and we hold the trial court's consecutive sentences in this matter are not unreasonable, arbitrary or unconscionable. We further hold said sentences are not contrary to law.

**{¶30}** Appellant lastly contends that his offenses were not "excessively serious in nature" and therefore the trial court failed to properly consider the statutory "seriousness" factors in its analysis. R.C. 2929.11 and 2929.12 require consideration of the purposes and principles of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38. However, "in exercising its discretion, a court is merely required to 'consider' the purposes of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *State v. Sutton,* Cuyahoga App.No. 97132, 2012–Ohio–1054, ¶ 11, citing *State v. Lloyd,* Lake App.No. 006–L–185, 2007–Ohio–3013, ¶ 44. The findings of the trial court in regard to R.C. 2929.11 and 2929.12 need not be in the sentencing transcript if the findings are contained in the journal entry. *See State v. O'Donnell,* Summit App.No. 23525, 2007–Ohio–1943, ¶ 7 (additional citations omitted).

**{¶31}** Upon review of the sentencing entries and the pertinent transcripts, we find the trial court properly considered the purposes and principles of felony sentencing and the factors of seriousness and recidivism.

**{¶32}** Appellant's First Assignment of Error is overruled.

II.

**{¶33}** In his Second Assignment of Error, appellant contends the imposition of his prison sentences creates an unnecessary burden on state resources. We disagree.

**{¶34}** In *State v. Shull,* Ashland App.No. 2008-COA-036, 2009-Ohio-3105, we reviewed a similar claim. We reiterated that although the burden on state resources may be a relevant sentencing criterion as set forth in R.C. 2929.13, Ohio law "does not require trial courts to elevate resource conservation above the seriousness and recidivism factors." *Shull* at ¶ 22, quoting *State v. Ober* (October 10, 1997), Greene App. No. 97CA0019.

**{¶35}** As urged by the State in its response brief, appellant's multiple offenses on the same day in this case, his criminal history, and the indicators of his likeliness to re-offend do not suggest that his sentence is an unnecessary burden on state resources, and we otherwise find no abuse of discretion in the trial court's sentencing decision in this regard.

**{¶36}** Appellant's Second Assignment of Error is overruled.

**{¶37}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.

By: Wise, J.
Gwin, P. J., and
Farmer, J., concur.

/s/ John W. Wise_____
HON. JOHN W. WISE

/s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

/s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

JWW/d 0731

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
SAMUEL J. QUEER                        :
                                       :
    Defendant-Appellant            :          Case No. 12-COA-041


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.

Costs assessed to appellant.


                /s/ John W. Wise_____
                HON. JOHN W. WISE


                /w/ W. Scott Gwin_____
                HON. W. SCOTT GWIN


                /s/ Sheila G. Farmer_____
                HON. SHEILA G. FARMER