[Cite as *State v. Cisco*, 2013-Ohio-5412.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13 CAA 04 0026 |
| | : | |
| SCOTT V. CISCO | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court
of Common Pleas, case no. 12CR-I-11-
0430


JUDGMENT:     AFFIRMED


DATE OF JUDGMENT ENTRY:     December 9, 2013


APPEARANCES:

For Plaintiff-Appellee:                     For Defendant-Appellant:

CAROL HAMILTON O'BRIEN                WILLIAM T. CRAMER
DELAWARE COUNTY PROSECUTOR            470 Olde Worthington Road, Suite 200
ERIC C. PENKAL                       Westerville, OH 43082
140 North Sandusky St.
Delaware, OH 43015

*Delaney, J.*

{¶1}   Appellant Scott Cisco appeals from the March 15, 2013 Judgment Entry on Sentence entered in the Delaware County Court of Common Pleas.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   A statement of the facts underlying appellant's criminal convictions will be made infra where pertinent to the procedural history.

{¶3}   Appellant was originally charged by indictment with ten criminal offenses including three counts of kidnapping, one count of abduction, and six counts of rape.  All but two counts were dismissed by appellee:  Count Four, abduction, a violation of R.C. 2905.02(A)(2), a felony of the third degree, and Count Ten, rape, a violation of R.C. 2907.02(A), a felony of the first degree.

*The Change-of-Plea Hearing:  Appellant's Allocution*

{¶4}   On January 16, 2013, appellant appeared before the Delaware County Court of Common Pleas to enter pleas of guilty to Counts Four and Ten pursuant to a Crim.R. 11(F) negotiated plea agreement.  The trial court discussed the rights appellant waived by changing his pleas and advised appellant the issue of merger would be determined at sentencing, noting the parties did not agree whether the rape and abduction offenses merged.  Appellant stated he understood this meant he could be sentenced separately upon each count; his "exposure" on the rape count was a maximum of eleven years in prison and he faced an additional maximum sentence of thirty-six months on the count of abduction.

{¶5} The trial court also stated appellant would be referred for a presentence investigation (P.S.I.).

{¶6} The trial court next gave appellant an opportunity for allocution. Appellant stated on October 25, 2012, after meeting the victim online, he picked her up in Indianapolis and drove her to his home in Sunbury, Delaware County, Ohio. Once at his home, appellant claimed the victim disrobed and he bound her ankles and wrists and gagged her. Appellant stated he raped the victim vaginally and anally, both digitally and with objects. He stated the victim said "no" but he disregarded her protests. Appellant claimed the victim was bound for a total of approximately 15 minutes; he then released her and she went to the bathroom and cleaned herself up. Appellant admitted he knew the victim was 17 years old. This statement concluded appellant's allocution.

*The P.S.I.*

{¶7} The following facts are adduced from the P.S.I., which is ordinarily a confidential document but which the parties have made part of the record in this case. The trial court indicated facts in the P.S.I. would be taken into account in determining whether the rape and abduction offenses merged for sentencing.

{¶8} On October 25, 2012, around 2:15 p.m., the Sunbury Police Department received a call from the 17-year-old victim and responded to appellant's apartment. Upon arrival, police found the victim in a state of panic; she stated she had been kidnapped by appellant and tied up at his residence while he went to work. She stated she broke free and called for help after finding her clothing and cell phone which appellant had hidden in the back yard.

{¶9}   The victim told police she met appellant online in a sexual chatroom and snuck out of her home in Indianapolis to meet him; although her online profile said she was 18, the victim told appellant she was really 17.  She rode with appellant back to his home in Ohio.  Upon arrival, appellant gave her alcohol.  The victim stated appellant made her take her clothes off and call him "master," then bound her, gagged her, and penetrated her vaginally and anally, both digitally and with objects.  The victim stated appellant also made her perform oral sex on him that night and the next morning.  The victim described in detail various sexual acts appellant performed upon her.  She stated he gave her a "safe word" to say if she wanted him to stop.  She said the safe word several times but appellant didn't stop.

{¶10} The victim stated appellant bound her again in the bedroom, hid her clothing and cell phone in the backyard, and left for work the next day.  She was subsequently able to escape, find her clothes and phone, and call police.

{¶11} Upon entering the residence and finding the victim, police conducted a protective sweep.  They discovered the residence in disarray with alcoholic beverage containers on the counter; in the bedroom, they observed clothing, bedding, "sexual devices lying out, and duct tape in two different spots wrapped around a metal stand at the head of the bed."

{¶12} Appellant told police he met the victim on the internet, brought her to Ohio, drank beer with her, and watched a movie.  He stated she slept on the couch and he slept in the bedroom; further, "if she had any injuries, she did it to herself, and that he didn't do anything to her."  Appellant stated he went to work at 8:00 a.m. the next day,

learned the Indianapolis police were looking for the victim as a runaway, returned home, and told her to turn herself in before returning to work.

{¶13} Appellant told the Court Investigating Officer he met the victim on a dating website and she told him she wanted to move. He picked her up and brought her to Ohio. They watched T.V. and ate dinner; later they "became intimate." In the past they had discussed "kinky encounters" and the victim voluntarily submitted to being bound, gagged, and penetrated as described supra. Appellant continued, "At a point in time during this, she decided she wanted to stop. No meant no which I disregarded at that time. The continued (*sic*) for 5-8 minutes longer before I stopped & untied her."

*The Sentencing Hearing: Trial Court Declines Merger of Offenses*

{¶14} Appellant appeared before the trial court for sentencing on March 13 and March 15, 2013. The trial court inquired whether the parties objected to the facts as set forth in the P.S.I.; appellee did not, but appellant argued the facts were pulled from the police report and should not be relied upon to determine whether the offenses merge. Appellant denied he tied up the victim while he went to work.

{¶15} The trial court questioned whether the victim's statements in the P.S.I. could be considered for sentencing purposes. The victim was not present in the courtroom for sentencing and appellee indicated she was not willing to voluntarily return to Ohio to testify for sentencing purposes. Appellant argued the only facts properly before the trial court were those admitted by him during allocution.

{¶16} After argument, the trial court decided the P.S.I. could be used for sentencing purposes. Pursuant to R.C. 2941.25, in light of the victim's statements contained in the P.S.I. about the facts of the offense, to wit, appellant leaving her bound

before leaving for work, the trial court concluded the offenses of rape and abduction did not merge.

{¶17} Appellant was thereupon sentenced to a prison term of 11 years for the rape offense and a consecutive term of 36 months for the abduction offense.

{¶18} Appellant now appeals from the judgment entries of his convictions and sentences.

## ASSIGNMENTS OF ERROR

{¶19} "I. THE TRIAL COURT VIOLATED PRINCIPLES OF DOUBLE JEOPARDY AND R.C. 2941.25 BY FAILING TO MERGE RAPE AND ABDUCTION BASED ON HEARSAY FROM A PRESENTENCE INVESTIGATION REPORT."

{¶20} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING MAXIMUM SENTENCES CONSECUTIVELY ON BOTH COUNTS."

## ANALYSIS

{¶21} In his first assignment of error, appellant argues the trial court erred in failing to merge the offenses of rape and abduction for sentencing.

{¶22} R.C. 2941.25 codifies the judicial doctrine of merger and states as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed

separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶23} A trial court is required to merge allied offenses of similar import at sentencing. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 27. The doctrine of merger as codified by the statute implements the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Ohio Const. Art. I, Sec. 10, which prohibit punishing an offender twice for the same offense. The statute requires merger of allied offenses of similar import into a single conviction for the purpose of sentencing, thereby preventing multiple punishments. The defendant bears the burden of proving an entitlement to merger at sentencing pursuant to R.C. 2941.25. *State v. Mughni*, 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987).

{¶24} Appellant entered a negotiated plea. When the plea agreement is silent on the issue of allied offenses of similar import the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense; if a trial court fails to merge allied offenses of similar import, the defendant has the right to appeal the sentence. *State v. Underwood*, 124 Ohio St.3d 365, 371, 2010-Ohio-1, 922 N.E.2d 923 (2010).

{¶25} The specific issue before us is whether the trial court may properly consider the information contained in the P.S.I. in determining whether offenses merge for sentencing. Appellant entered a guilty plea. The facts before the court came from appellant's allocution and the P.S.I. Appellant contends the trial court could not properly take into account the facts stated in the P.S.I. and was limited to the information

contained in his allocution. We disagree and find the trial court properly considered the facts contained within the P.S.I in weighing whether to merge the offenses of rape and abduction.

{¶26} The trial court is statutorily required to take into account the record of the case, in addition to any victim impact statement and P.S.I. R.C. 2929.19 states the following regarding the sentencing hearing:

> (A) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender.
>
> (B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report

made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 of the Revised Code.

(2) Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

(a) Impose a stated prison term and, if the court imposes a mandatory prison term, notify the offender that the prison term is a mandatory prison term;

(b) In addition to any other information, include in the sentencing entry the name and section reference to the offense or offenses, the sentence or sentences imposed and whether the sentence or sentences contain mandatory prison terms, if sentences are imposed for multiple counts whether the sentences are to be served concurrently or consecutively, and the name and section reference of any specification or specifications for which sentence is imposed and the sentence or sentences imposed for the specification or specifications;

* * * *.

{¶27} Defendants are permitted to read portions of P.S.I.s and to comment upon alleged factual inaccuracies; within its discretion, the trial court may even permit the defendant to introduce testimony to counter alleged factual inaccuracies. R.C. 2951.03(B) states in pertinent part:

(B)(1) If a presentence investigation report is prepared pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2, the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report, except that the court shall not permit the defendant or the defendant's counsel to read any of the following:

(a) Any recommendation as to sentence;

(b) Any diagnostic opinions that, if disclosed, the court believes might seriously disrupt a program of rehabilitation for the defendant;

(c) Any sources of information obtained upon a promise of confidentiality;

(d) Any other information that, if disclosed, the court believes might result in physical harm or some other type of harm to the defendant or to any other person.

(2) Prior to sentencing, the court shall permit the defendant and the defendant's counsel to comment on the presentence investigation report and, in its discretion, may permit the defendant and the defendant's counsel to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report.

(3) If the court believes that any information in the presentence investigation report should not be disclosed pursuant to division (B)(1) of this section, the court, in lieu of making the report or any part of the report available, shall state orally or in writing a summary

of the factual information contained in the report that will be relied upon in determining the defendant's sentence. The court shall permit the defendant and the defendant's counsel to comment upon the oral or written summary of the report.

(4) Any material that is disclosed to the defendant or the defendant's counsel pursuant to this section shall be disclosed to the prosecutor who is handling the prosecution of the case against the defendant.

(5) If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:

(a) Make a finding as to the allegation;

(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant.

{¶28} We are not persuaded by appellant's argument that the statements contained in the P.S.I. are hearsay and therefore untrustworthy. The Ohio Rules of Evidence do not apply to sentencing hearings. Evid.R. 101(C)(3). Moreover, appellant has the opportunity outlined in the statute, supra, to bring alleged inaccuracies to the court's attention. The burden of proof regarding any inaccuracy in the P.S.I. is on the

defendant who alleges that the report is inaccurate. R.C. 2951.03(B)(2), supra. Appellant made no such request nor offered any evidence beyond his self-serving allocution to dispute the facts in the report, which the trial court elected to accept. Appellant has failed to demonstrate the trial court abused its discretion in doing so. *State v. Sims*, 184 Ohio App.3d 741, 746, 2009-Ohio-5751, 922 N.E.2d 298 (2nd Dist. Greene).

{¶29} R.C. 2941.25 is a sentencing statute.  *State v.* May, 11th Dist. Lake No. 2010-L-131, 2011-Ohio-5233, ¶ 77, appeal not allowed, 131 Ohio St.3d 1458, 2012-Ohio-648, 961 N.E.2d 1137, citing *State v.* Kent, 68 Ohio App.2d 151, 428 N.E.2d 453, (8th Dist.1980), paragraph one of the syllabus.  The trial court is required to rely upon the entire record in sentencing defendant, including determining whether offenses merge.

{¶30} The trial court does not err in relying upon facts contained in a P.S.I. in sentencing a defendant.  *State v. Steimle,* 8th Dist. Cuyahoga No. 82183, 2003-Ohio-4816, ¶ 14, appeal not allowed, 101 Ohio St.3d 1424, 2004-Ohio-123, 802 N.E.2d 155; *State v. Gunnell*, 10th Dist. Franklin Nos. 11AP-811, 11AP-814, 11Ap-812, 11AP-815, 11AP-813, 2012-Ohio-1614, ¶ 14-15, appeal not allowed, 132 Ohio St.3d 1485, 2012-Ohio-3334, 971 N.E.2d 962; *State v. Dudenas*, 8th Dist. Cuyahoga No. 81461, 2003-Ohio-1000, ¶ 9, abrogated on other grounds by *State v. Norman*, 8th Dist. Cuyahoga No. 91302, 2009-Ohio-4044.  We conclude the trial court does not err in relying upon the P.S.I. in deciding whether to merge offenses for pursuant to R.C. 2941.25.

{¶31} Appellant's position is that the victim was not bound when he left for work, the critical factor in the trial court's sentencing decision.  The trial court advised the

parties this detail was crucial to the merger decision but appellant offered no evidence beyond his self-serving allocution. If we were to accept appellant's argument, he would have the benefit of entering guilty pleas to two offenses and then by virtue of his allocution, dictating the facts upon which the trial court makes its merger decision, a position which would give appellee no incentive to offer appellant a plea in the first place. Moreover, such a conclusion would eliminate the sentencing discretion of the trial court.

{¶32} The trial court did not err in relying upon the P.S.I. in assessing whether the offenses of rape and abduction were allied offenses of similar import which merged for sentencing. We further agree with the trial court's decision that under the facts of this case, the offenses do not merge.

{¶33} In *State v. Johnson*, the Ohio Supreme Court modified the test for determining whether offenses are allied offenses of similar import. 128 Ohio St.3d 1405, 2010–Ohio–6314. The Court directed us to look at the elements of the offenses in question and determine whether or not it is possible to commit one offense and commit the other with the same conduct. If the answer to such question is in the affirmative, the court must then determine whether or not the offenses were committed by the same conduct. If the answer to the above two questions is yes, then the offenses are allied offenses of similar import and will be merged. If, however, the court determines that commission of one offense will never result in the commission of the other, or if there is a separate animus for each offense, then the offenses will not merge according to *Johnson*, supra.

{¶34} Appellant was indicted upon, convicted of, and sentenced upon one count of rape pursuant to R.C. 2907.02(A) and one count of abduction pursuant to 2905.02(A)(2).  Appellant argues the trial court erred in failing to merge these offenses for purposes of sentencing; we disagree.

{¶35} As the trial court pointed out, separate offense and separate animus arise from the fact that appellant bound the victim when he left for work the next day.  In other words, he didn't commit the abduction solely for the purpose of accomplishing the rape. Appellant's actions constituted both separate conduct and separate animus under these circumstances.  *Id.*  Appellant was properly convicted of and sentenced upon two separate offenses.

{¶36} We find each of these offenses was committed with separate conduct and a separate animus, and the trial court properly declined to merge the offenses for sentencing.  Appellant's first assignment of error is overruled.

II.

{¶37} In his second assignment of error, appellant argues the trial court erred in imposing the maximum sentence.

{¶38} Appellant acknowledges the prison terms of eleven years and 36 months are within the statutory range for these offenses but asserts the trial court failed to "properly consider the statutory purposes and factors of statutory sentencing."

{¶39} In *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the

sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If the first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. Id. We have recognized that "[w]here the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation." *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823, ¶ 52.

{¶40} We first note that subsequent to the Ohio Supreme Court's Foster decision, "[t]he decision to impose the maximum sentence is simply part of the trial court's overall discretion in issuing a felony sentence and is no longer tied to mandatory fact-finding provisions." *State v. Parsons*, 7th Dist. Belmont No. 12 BE 11, 2013–Ohio–1281, ¶ 14.

{¶41} Appellant also challenges the trial court's imposition of consecutive terms. 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The General Assembly has thus expressed its intent to revive the statutory fact-finding provisions pertaining to the imposition of consecutive sentences that were effective pre-Foster. See *State v. Wells*, 8th Dist. Cuyahoga No. 98428, 2013–Ohio–1179, ¶ 11. These revisions to the felony sentencing statutes now require a trial court to make specific findings when imposing consecutive sentences. Nonetheless, "[a]lthough H.B. 86 requires the trial court to make findings before imposing a consecutive sentence, it does not require the trial court to give its reasons for imposing the sentence." *State v. Bentley*, 3rd Dist. Marion No. 9–12–31, 2013–Ohio–852, ¶ 12, citing *State v. Frasca*, 11th Dist. Trumbull No. 2011–T–0108, 2012–Ohio–3746, ¶ 57. The record must clearly

demonstrate that consecutive sentences are not only appropriate, but are also clearly supported by the record. See *State v. Queer*, 5th Dist. Ashland No. 12-COA-041, , 2013-Ohio-3585, ¶ 21.

{¶42} R.C. 2929.14(C)(4) provides, in relevant part:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶43} We note appellant asks us to disregard the victim's statements which are not favorable to his merger argument, supra, and to accept the victim's statements which are favorable to his maximum sentence argument. He argues the trial court abused its discretion in sentencing him to consecutive maximum terms upon one count of rape and one count of abduction because this offense began as "consensual dominant/submissive play" and appellant apologized at the sentencing hearing. We disagree with appellant's characterization of the record and note the ongoing trauma and distress experienced by the 17-year-old victim[1] as evidenced by the P.S.I. and the victim impact statement. The trial court specifically noted a consecutive sentence was not disproportionate to appellant's conduct and was necessary to punish appellant and protect the public.

{¶44} Upon review, we find the trial court adequately made the findings required by R.C. 2929.14(C)(4) in considering appellant's sentence, and consecutive sentences in this matter are not unreasonable, arbitrary or unconscionable. In short, we have reviewed the record of this case and find the trial court did not abuse its discretion in sentencing appellant to consecutive maximum terms.

{¶45} Appellant's second assignment of error is overruled.

---

[1] Appellant is age 47.

## CONCLUSION

{¶46} Appellant's two assignments of error are overruled and the judgment of the Delaware County Court of Common Pleas is affirmed.

By:  Delaney, J. and

Hoffman, P.J.

Farmer, J., concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER