[Cite as *State v. Lugo*, 2024-Ohio-3071.]


COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JOHN LUGO | : | Case No. 23 COA 0024 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:　　　　　Appeal from the Court of Common
　　　　　　　　　　　　　　　　　　　Pleas, Case No. 23-CRI-185


JUDGMENT:　　　　　　　　　　　　　Reversed and Remanded


DATE OF JUDGMENT:　　　　　　　　　August 12, 2024


APPEARANCES:

For Plaintiff-Appellee　　　　　　　　　For Defendant-Appellant

CHRISTOPHER R. TUNNELL　　　　　　CHRISTOPHER BAZELEY
ANDRES R. PEREZ　　　　　　　　　　9200 Montgomery Road
110 Cottage Street　　　　　　　　　　Suite 8A
Third Floor　　　　　　　　　　　　　Cincinnati, OH  45242
Ashland, OH  44805

*King, J.*

{¶ 1}   Defendant-Appellant John Lugo appeals the November 28, 2023 judgment of conviction and sentence of the Ashland County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We reverse Lugo's sentence and remand to the trial court for further proceedings.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 13, 2023, the Ashland County Grand Jury returned an indictment charging Lugo with one count of receiving stolen property, two counts of aggravated possession of drugs, and one count of possession of a fentanyl-related compound. The charges stemmed from a traffic stop during a theft of gasoline investigation wherein Lugo was found to have stolen Home Depot merchandise and drugs in his vehicle.

{¶ 3}    On October 26, 2023, Lugo pled guilty to each count of the indictment. The trial court ordered a presentence investigation and the matter was set over for sentencing.

{¶ 4}   Lugo appeared for sentencing on November 28, 2023. The trial court ordered Lugo to serve a six-month sentence on each count, and further ordered him to serve the sentences consecutively. The possibility that the drug charges would merge was not raised by the state or counsel for Lugo during the hearing. At the conclusion of the hearing, however, Lugo addressed the court and stated he wanted a "notice of appeal for allied offenses." Transcript of Sentencing at 9.

{¶ 5}   Lugo filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 6}  "THE TRIAL COURT ERRED BY FAILING TO MERGE LUGO'S DRUG-RELATED OFFENSES."

{¶ 7}  In his sole assignment of error, Lugo argues the trial court erred when it failed to merge his drug-related offenses. Specifically, Lugo appears to contend he only had two types of drugs on his person and therefore some of the drug charges should have merged.

Applicable Law

{¶ 8}  R.C. 2941.25 governs multiple counts and states the following:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 9}  In *State v. Ruff*, 2015-Ohio-995, syllabus, the Supreme Court of Ohio held the following:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶ 10} The *Ruff* court explained at ¶ 26:

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that

constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

Lugo's Argument

{¶ 11} The record before us does not contain sufficient information for our review of Lugo's complaint. There is no discovery, bill of particulars, or lab reports, and the State made no argument at sentencing regarding separate offenses. While Lugo argues he was in possession of only two drugs, there is simply no information contained in the record to support or deny his assertion.

{¶ 12} Generally, when faced with an insufficient record we proceeded to apply the principle that in the absence of an adequate record, an appellate court presumes the regularity of the trial court proceedings, and we thus deny the assignment of error. However, in *State v. Cisco*, 2013-Ohio-5412 (5th Dist), we recognized: "When the plea agreement is silent on the issue of allied offenses of similar import the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense; if a trial court fails to merge allied offenses of similar import, the defendant has the right to appeal the sentence." The Supreme Court of Ohio has indicated that the failure to merge allied offenses of similar import constitutes plain error. *State v. Underwood*, 2010-Ohio-1, ¶ 31. The Court further

indicated that "[a] defendant's plea to multiple counts does not affect the court's duty to merge those allied counts at sentencing. This duty is mandatory, not discretionary." *Id.* at ¶ 26.

{¶ 13} Because we are unable to glean any relevant information from the limited record before us, Lugo's assignment of error is sustained and the matter is remanded for a limited re-sentencing hearing to analyze Lugo's conduct in the offenses at issue and to review possible merger of the drug offenses for sentencing.


By King, J.,

Wise, P.J. and

Baldwin, J. concur.