OPINION
{¶ 1} Defendant-appellant, Christopher T. Moncrief, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to withdraw guilty plea and petition for post-conviction relief. For the following reasons, we affirm that judgment.
 {¶ 2} On September 15, 2004, a Franklin County grand jury indicted appellant with one count of aggravated murder in violation of R.C. 2903.01 with a death penalty specification pursuant to R.C. 2929.04(A)(7) and one count of aggravated robbery in *Page 2 
violation of R.C. 2911.01. Both counts contained a firearm specification pursuant to R.C. 2941.145. Appellant entered a not guilty plea to the charges and proceeded to a jury trial.
 {¶ 3} During his trial, appellant entered a guilty plea to one count of murder, a lesser included offense of aggravated murder, as well as a firearm specification. He did not plead guilty to a death penalty specification. The trial court dismissed the aggravated robbery charge. On June 8, 2006, the trial court accepted appellant's guilty plea, found him guilty, and sentenced him accordingly. Appellant did not timely appeal his conviction.[1]
 {¶ 4} Subsequently, on January 4, 2007, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21. In the petition, appellant claimed that he was deprived of his counsel of choice and that he received ineffective assistance of trial counsel. Specifically, he claimed that his trial counsel coerced him into entering his guilty plea. On March 5, 2007, appellant also filed a document entitled "Motion to Withdraw Guilty Plea" in which he claimed that his guilty plea was not made knowingly, intelligently, or voluntarily because his trial counsel coerced him into entering the guilty plea.
 {¶ 5} In a decision dated January 25, 2008, the trial court denied appellant's motions.[2] The trial court noted that it would construe appellant's motion to withdraw as a petition for post-conviction relief. The trial court rejected appellant's claim that his guilty plea was not made knowingly, intelligently, or voluntarily, noting that the court fully advised appellant of his rights and the consequences of his plea at the time he entered *Page 3 
the guilty plea. The trial court also rejected appellant's ineffective assistance of counsel claim based on res judicata.
 {¶ 6} Appellant appeals and assigns the following errors:
 I. The trial court erred when it denied Defendant's Motion to Withdraw Guilty Pleas based upon the fact that the court lacked jurisdiction to accept a plea of guilty to a charge that carried death specification without those specification being deleted from the indictment.
 II. A Court may not arbitrarily convert a direct attack into a collateral attack where the direct attack is properly filed under the proper case number pursuant to a specific rule of Court.
 III. The trial court erred when it denied defendant's Motion to Withdraw Guilty Plea, and his Post-Conviction Petition for Relief, when Defendant demonstrated that trial counsel was ineffective, and that defendant was prejudiced by counsel's ineffective performance.
 {¶ 7} For ease of analysis, we first address appellant's second assignment of error. Appellant contends the trial court erred by construing his motion to withdraw guilty plea as a petition for post-conviction relief. We agree.
 {¶ 8} Post-sentence motions to withdraw guilty pleas and petitions for post-conviction relief exist independently. State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 14. See, also, State v. Gegia, Summit App. No. 21438, 2003-Ohio-3313, at ¶ 7 ("It is clear * * * that a motion made pursuant to Crim. R. 32.1, regardless of whether it raises a constitutional issue, is separate and distinct from a petition filed pursuant to R.C. 2953.21 * * *."); State v. Wooden, Franklin App. No. 02AP-473, 2002-Ohio-7363, at ¶ 18 ("As a motion to withdraw his guilty plea, the motion would not constitute a petition for post-conviction relief under Bush."); State v. Yuen, Franklin App. No. 01AP-1410, 2002-Ohio-5083, *Page 4 
at ¶ 29 ("Under Bush, defendant's motion to withdraw a guilty plea is not a petition for post-conviction relief under R.C. 2953.21.").
 {¶ 9} Appellant's motion was titled "Motion to Withdraw Guilty Plea" and clearly referenced Crim. R. 32.1 as the basis for the motion. Therefore, the trial court erred by considering the motion as a petition for post-conviction relief. Bush; Gegia; State v. Spencer, Clark App. No. 2006 CA 42, 2007-Ohio-2140, at ¶ 11 (error considering motion to withdraw guilty plea as a petition for post-conviction relief).
 {¶ 10} The trial court's error, however, was harmless. Although the trial court noted that it would consider appellant's motion as a petition for post-conviction relief, the trial court went on to address the merits of his motion. State v. Meadows, Lucas App. No. L-05-1321,2006-Ohio-6183, at ¶ 19 (harmless error treating motion to withdraw as a petition for post-conviction relief where trial court addressed merits of motion). The trial court denied appellant's motion, noting that the court fully advised appellant of his rights and the consequences of his plea. We will, therefore, consider the substance of appellant's motion as well.
 {¶ 11} In a post-sentence motion to withdraw guilty plea, appellant must demonstrate "manifest injustice." Crim. R. 32.1. "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." State v. Williams, Franklin App. No. 03AP-1214,2004-Ohio-6123, at ¶ 5. A defendant seeking to withdraw a post-sentence guilty plea bears the burden of establishing manifest injustice based on specific facts either contained in the record or supplied through affidavits attached to the motion. State v. Orris, Franklin App. No. 07AP-390, 2007-Ohio-6499, at ¶ 8. *Page 5 
 {¶ 12} This court will not reverse a decision to grant or deny a motion to withdraw a plea absent an abuse of discretion. State v. Xie (1992),62 Ohio St.3d 521, 527. An abuse of discretion connotes more than an error of law or judgment; It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. State v. Yun, Franklin App. No. 04AP-494, 2005-Ohio-1523, at ¶ 8.
 {¶ 13} Appellant's motion to withdraw claimed that his guilty plea was not made knowingly, intelligently, or voluntarily because his trial counsel coerced him into entering the plea. Appellant's only allegation of coercion is an assertion in his own affidavit. Generally, a self-serving affidavit is insufficient to establish manifest injustice.State v. Smith, Franklin App. No. 07AP-985, 2008-Ohio-2802, at ¶ 10;State v. Rockwell, Stark App. No. 2008-CA-00009, 2008-Ohio-2162, at ¶ 42; State v. Ransom (Aug. 12, 1999), Franklin App. No. 98AP-1613.
 {¶ 14} Further, appellant's bare allegations of coercion are contradicted by his own statements. State v. Patterson, Stark App. No. 2003CA00135, 2004-Ohio-1569, at ¶ 20 (concluding that self-serving affidavit asserting coercion which contradicted defendant's plea form indicating no coercion was insufficient to demonstrate manifest injustice); Cf. State v. Curry (Nov. 20, 1997), Franklin App. No. 97APA02-288 (in post-conviction relief proceeding). Appellant signed an "Entry of Guilty Plea" form in which he acknowledged that "no person has threatened me * * * or in any other way coerced or induced me to plead `Guilty' * * * my decision to plead `Guilty' * * * represents the free and voluntary exercise of my own will and best judgment." The form also stated that appellant was "completely satisfied with the legal representation and advice I have received from my counsel." The trial court did not abuse its discretion by refusing to permit appellant to *Page 6 
withdraw his guilty plea under these circumstances. Accordingly, we overrule appellant's second assignment of error.
 {¶ 15} Appellant contends in his first assignment of error that the trial court erred by denying his motion to withdraw a guilty plea because the court failed to comply with R.C. 2945.06 when it accepted his guilty plea. We disagree.
 {¶ 16} R.C. 2945.06 applies to cases in which a criminal defendant or death penalty defendant waives a jury trial or when a death penalty defendant pleads guilty to a charge of aggravated murder. Appellant did face death penalty specifications, but he did not waive a jury trial or plead guilty to aggravated murder. Instead, he pled guilty to one count of murder during his jury trial. Thus, the requirements of R.C. 2945.06
were not applicable to appellant. Additionally, to the extent appellant argues that the death penalty specifications were not deleted from the original indictment, we find that fact irrelevant. Appellant did not enter a guilty plea to the count of the indictment containing such language; he pled guilty to a lesser included offense that did not contain a death penalty specification. The outcome would be the same regardless of whether the death penalty specification was deleted from the indictment. Appellant does not demonstrate a manifest injustice that would allow the withdrawal of his guilty plea. Therefore, we overrule appellant's first assignment of error.
 {¶ 17} Finally, appellant contends in his third assignment of error that the trial court erred when it rejected his claims of ineffective assistance of counsel. Appellant claims his counsel was ineffective for coercing him to plead guilty and for failing to delete the death penalty specification from the charge of aggravated murder in his original indictment. The trial court rejected these arguments based on res judicata. *Page 7 
 {¶ 18} Even if appellant's claims were not barred by res judicata, they fail on the merits. See State v. Crangle (July 8, 1998), Summit App. No. 18670 (affirming dismissal of postconviction relief petition). In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; accord State v.Bradley (1989), 42 Ohio St.3d 136, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Strickland at 690.
 {¶ 19} If appellant successfully proves that counsel's assistance was deficient, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, "a trial whose result is reliable." Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 20} In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional *Page 8 
assistance. Id. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., citing Michel v. Louisiana (1955), 350 U.S. 91,101, 76 S.Ct. 158.
 {¶ 21} Appellant claims that trial counsel was ineffective for failing to have the death penalty specifications deleted from his indictment. We disagree. As we previously noted, the fact that the death penalty specification was not deleted from the indictment is irrelevant because appellant pled guilty to a lesser included offense of murder that did not include a death penalty specification.
 {¶ 22} Appellant also claims that trial counsel was ineffective by coercing him into entering his guilty plea. As we have already noted, appellant's only evidence of coercion is a statement in his own self-serving affidavit. Such evidence is insufficient to support a claim of ineffective assistance of counsel. State v. Gotel, Lake App. No. 2006-L-015, 2007-Ohio-888, at ¶ 12, quoting State v. Malesky (Aug. 27, 1992), Cuyahoga App. No. 61290 ("`A naked allegation by a defendant of a guilty plea inducement, is insufficient to support a claim of ineffective assistance of counsel * * *.'"); State v. Atkinson, Medina App. No. 05CA0079-M, 2006-Ohio-5806, at ¶ 19.
 {¶ 23} Additionally, appellant's affidavit contradicts the acknowledgments he made in his guilty plea form that he was not coerced in any way to enter a guilty plea and that he was completely satisfied with his legal representation. See State v. Dudley (Dec. 22, 2000), Trumbull App. No. 99-T-0166 (noting that self-serving affidavit that contradicted defendant's own statements is insufficient to demonstrate ineffective assistance of counsel). *Page 9 
 {¶ 24} The trial court properly rejected appellant's claims of ineffective assistance of counsel. Accordingly, appellant's third assignment of error is overruled.
 {¶ 25} Appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
McGRATH, P.J., and BRYANT, J., concur.
[1] This court denied appellant's motion for leave to appeal based on his failure to provide a reasonable explanation for his failure to perfect a timely appeal. State v. Moncrief (Jan. 25, 2007), Franklin App. No. 06AP-922 (Memorandum Decision).
[2] The trial court also denied appellant's motions to supplement and/or amend his petition and motion to withdraw guilty plea. *Page 1