[Cite as *State v. Moncrief*, 2017-Ohio-722.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 16AP-437 |
| v. | : | (C.P.C. No. 04CR-6077) |
| Christopher T. Moncrief, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 28, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Christopher T. Moncrief*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Christopher T. Moncrief, attempts to appeal an order of the Franklin County Court of Common Pleas entered on April 27, 2016, denying his request to submit the results of a polygraph test as evidence in support of withdrawal of a plea or for postconviction relief.[1] (Apr. 12, 2016 Mot. for Order Permitting Moncrief to Offer Polygraph Results at 2.)

{¶ 2} Moncrief's appeal is not an appeal of a denial of a petition for postconviction relief pursuant to R.C. 2953.21 or of a postconviction motion to withdraw his guilty plea pursuant to Ohio Rule of Criminal Procedure 32.1. Rather, this appeal appears to be

---

[1] We note that Moncrief has engaged in considerable litigation before the trial court and this Court concerning a guilty plea he previously entered. *See State v. Moncrief*, 10th Dist. No. 06AP-922 (Jan. 25, 2007) (memorandum decision); *State v. Moncrief*, 10th Dist. No. 07AP-533 (Aug. 30, 2007) (memorandum decision); *State v. Moncrief*, 10th Dist. No. 08AP-153, 2008-Ohio-4594; *State v. Moncrief*, 10th Dist. No. 10AP-88 (Sept. 9, 2010) (memorandum decision); *State v. Moncrief*, 10th Dist. No. 13AP-391, 2013-Ohio-4571.

anticipatory—an appeal of an entry declining to admit polygraph evidence for the purpose of supporting such a motion or petition in the future. (Apr. 27, 2016 Entry Declining to Admit Polygraph Evid.) This is not a final order from which an appeal may be taken. The refusal to admit polygraph evidence for a postconviction petition or motion to withdraw a guilty plea (which attempted to rely on the polygraph evidence) is an issue for appeal if either of those postconviction motions were to be filed and denied. *See* R.C. 2505.02(B)(4)(b); *State v. Branham*, 6th Dist. No. H-95-066 (Nov. 27, 1995) (holding that "*the trial court's order denying appellant's post-judgment motion to take a polygraph exam is not a final appealable order pursuant to R.C. 2505.02*") (emphasis sic.); *but see* S*tate ex rel. Leis v. Kraft*, 10 Ohio St.3d 34, 36-37 (1984) (holding [based upon a prior version of R.C. 2505.02] that an order granting an accused's request for a polygraph at state expense is final and appealable by the state because the state lacks a meaningful opportunity to appeal such an order following final judgment).

{¶ 3} Even if the order Moncrief attempts to appeal were a final order, a would-be appellant has 30 days to "**file** the notice of appeal required by App.R. 3" in order to appeal a final order as of right. (Emphasis added.) App.R. 4(A)(1). This time limit is jurisdictional and should be considered sua sponte when there is an issue of timely filing. *VFW Post 1238 v. Ohio Liquor Control Comm.*, 78 Ohio St.3d 1482 (1997); *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988). The common pleas order Moncrief attempts to appeal was issued on April 27, 2016. Moncrief's certificate of service on his notice of appeal indicates that it was sent to the Franklin County Prosecutor's Office on May 20, 2016, but the official time stamp on the motion as filed in the record indicates it was not filed with the court until June 13, 2016. June 13 is 47 days after April 27, 2016. In addition to the lack of finality of the order Moncrief appeals, it is untimely, and we thus lack jurisdiction to consider it. *State v. Monroe*, 10th Dist. No. 13AP-598, 2015-Ohio-844, ¶ 28.

{¶ 4} Moncrief's attempted appeal is not from a final order, is untimely, and is hereby dismissed.

*Appeal dismissed.*

KLATT and HORTON, JJ., concur.

———————