[Cite as *State v. Walker*, 2023-Ohio-2996.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-12-086 |
| | : | O P I N I O N |
| - vs - | | 8/28/2023 |
| | : | |
| JOHN P. WALKER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2020 CR 001033

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

Brian T. Goldberg, for appellant.

**HENDRICKSON, J.**

{¶ 1} Appellant, John P. Walker, appeals from a decision of the Clermont County Court of Common Pleas denying his motion to vacate his guilty plea without holding an evidentiary hearing. For the reasons set forth below, we affirm the trial court's decision.

{¶ 2} On July 21, 2021, appellant pled guilty to one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree, and three counts of violating a

protection order in violation of R.C. 2919.27(A)(1), felonies of the fifth degree. By pleading guilty, appellant admitted that on November 11, 2020, he pushed the victim, B.J.S., gouged her eyes with his thumb, grabbed her arm, and tried to push her head down into a sink. At the time of the offense, appellant had two prior domestic violence convictions. Appellant also admitted to violating a protection order issued to B.J.S. on three occasions: (1) by calling her 11 times from the Clermont County Jail on December 12, 2020, (2) by making contact with B.J.S. at a hotel in Milford, Ohio upon his release from jail on December 13, 2020, and (3) by going to B.J.S.'s home on January 16, 2021. Appellant entered his guilty plea in exchange for the state not pursuing additional charges for his violation of B.J.S.'s protection order, as appellant continued to contact B.J.S. from jail.

{¶ 3} On August 25, 2011, the trial court sentenced appellant to a three-year term of community control. Pursuant to the terms of his community control, appellant was to refrain from the possession or consumption of alcohol or illicit drugs. He was also ordered to successfully complete "all available programming" at a community-based correctional facility (CBCF).

{¶ 4} Appellant was unsuccessfully discharged from the Community Correctional Center, a CBCF, for aggressive and intimidating behavior towards staff, for fighting with other residents, and for drinking alcohol in the facility's dorms. A notice of a community control violation was filed in January 2022. Appellant admitted to violating his community control. On March 1, 2022, the trial court continued appellant's community control, ordering him to successfully complete "all available programming" at another CBCF, the River City Correctional Center.

{¶ 5} A few months later, on May 16, 2022, another notice of a community control violation was filed after appellant was unsuccessfully terminated from River City due to alcohol use and getting into a confrontation with a River City staff member and another

resident. Appellant admitted to the violation and, on July 1, 2022, the trial court revoked appellant's community control. Appellant was sentenced to an aggregate 60-month prison term, with jail-time credit of 471 days.

{¶ 6} On July 21, 2022, appellant filed a pro se motion to withdraw his guilty plea, contending that there was "new evidence * * * proving [his] innocence." Referencing phone calls he made to the victim from jail, appellant argued that B.J.S. "wishe[d] to recant her statement" as she was "coersed [sic] into testifying." Appellant subsequently retained counsel, who filed a motion to withdraw appellant's guilty plea and a request for an oral hearing on the motion on July 27, 2022. There was no evidence or affidavits attached to the motion. However, counsel claimed that "[n]ew information has come to light regarding the original charge whereby the Defendant indicates that he has telephone calls showing the prosecuting witness has recanted and changed the facts as alleged." Counsel also argued that appellant's latest community control violation should be withdrawn "because of additional evidence that is being ascertained regarding a failure of proof that [appellant] did not violate the terms of the River City Correctional Center." Counsel stated that the "motion [was] being filed prior to the above information being formally corroborated."

{¶ 7} On July 29, 2022, before the trial court could rule on the pending motions to withdraw appellant's guilty plea, appellant appealed the revocation of his community control. The trial court was without jurisdiction to rule on the motions to withdraw appellant's guilty plea while the appeal was pending. Appellant voluntarily withdrew his appeal in September 2022. *See State v. Walker*, 12th Dist. Clermont No. CA2022-07-036 (Sep. 9, 2022) (Entry Granting Motion to Withdraw Appeal). A few weeks later, on September 30, 2022, appellant's counsel filed another motion to withdraw appellant's guilty plea and request for an oral hearing on the motion. The motion was duplicative of his July 27, 2022 motion and did not contain any exhibits or affidavits in support of the motion.

- 3 -

{¶ 8} The state filed a memorandum in opposition to appellant's motion to withdraw his guilty plea, arguing the motion should be denied without an evidentiary hearing as appellant failed to put forward sufficient evidence demonstrating that a hearing was warranted. The state further contended that appellant's bare-bones motion failed to show a reasonable likelihood that a withdrawal of his guilty plea was necessary to correct a manifest injustice. The state noted that the victim's alleged recantation "was the result of potentially criminal coercion and constant pressure from the [appellant] and his family." Attached to the state's memorandum were call logs and recorded phone calls appellant made to B.J.S. while he was in jail. The logs and recorded calls demonstrate that after appellant was sentenced to 60-months in prison, he called the victim almost 80 times before she finally answered the phone on July 7, 2022. B.J.S. repeatedly told appellant to stop calling her and asked that he and his family leave her alone. Appellant ignored B.J.S.'s requests, calling her seven more times that evening and 15 times the next day. B.J.S. only answered a handful of appellant's calls. On the recorded calls, appellant can be heard pressuring B.J.S. to write a statement recanting her report of physical violence and directing her to give it to a lawyer to "get [him] out" of prison. Appellant told B.J.S. that he would die if he had to do another three-and-one-half years in prison and that she would die alone on the outside. B.J.S. expressed concern that if she wrote the statement appellant requested, she would be committing a crime. Eventually, after repeated phone calls and requests for a statement, B.J.S. told appellant she would write one. However, she had concerns about getting caught in lies in court and wanted to speak to appellant's attorney and tell him "100% truth" and have the attorney "tell [her] how to navigate it to where [she's] not perjuring [herself]."

{¶ 9} Appellant's counsel filed a reply in support of appellant's motion to withdraw his guilty plea, in which counsel indicated that the phone calls produced by the state show

the "victim had an ulterior motive to ensure that [appellant] ended up with a conviction—so he could get treatment for substance abuse issues." He argued such a motive "lends itself to a defense that begs for cross-examination of the alleged victim," thereby necessitating an evidentiary hearing.

{¶ 10} The trial court held a non-evidentiary hearing on appellant's motion on November 17, 2022. After listening to the parties' arguments, the court denied appellant's request for an evidentiary hearing, stating that appellant had not even "come close to meet[ing] the standard that Ohio law requires him to meet for the Court to even consider an evidentiary hearing." The court further found that appellant had failed to establish a reasonable likelihood that a withdrawal of his guilty plea would be necessary to correct a manifest injustice. The court memorialized its decision denying appellant's motion to withdraw his guilty plea in a November 23, 2022 entry.

{¶ 11} Appellant timely appealed, raising the following as his sole assignment of error:

{¶ 12} THE TRIAL COURT ERRED TO THE PREJUDICE OF [APPELLANT] BY FAILING TO HOLD AN EVIDENTIARY HEARING ON HIS MOTION TO WITHDRAW HIS PLEA OF GUILTY.

{¶ 13} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw a guilty plea after the imposition of a sentence has the burden of establishing the existence of a manifest injustice. *State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. To prove a manifest injustice, the defendant must show a "fundamental flaw in the proceedings that

results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Hobbs*, 12th Dist. Warren No. CA2012-11-117, 2013-Ohio-3089, ¶ 9. "This sets forth an extremely high standard that is allowable only in extraordinary cases." *State v. Tringelof*, 12th Dist. Clermont Nos. CA2017-03-015 and CA2017-03-016, 2017-Ohio-7657, ¶ 10, citing *State v. Sturgill*, 12th Dist. Clermont No. CA2014-09-066, 2015-Ohio-1933, ¶ 9.

{¶ 14} A trial court is not required to hold an evidentiary hearing on every post-sentence motion to withdraw a guilty plea. *State v. Degaro*, 12th Dist. Butler No. CA2008-09-227, 2009-Ohio-2966, ¶ 13. "A defendant must establish a reasonable likelihood that a withdrawal of his plea is necessary to correct a manifest injustice before a court must hold an evidentiary hearing on his motion." *State v. Williams*, 12th Dist. Warren No. CA2009-03-032, 2009-Ohio-6240, ¶ 14.

{¶ 15} "A trial court's decision regarding a post-sentence motion to withdraw a guilty plea is reviewed on appeal under an abuse of discretion standard." *State v. Rose*, 12th Dist. Butler No. CA2010-03-059, 2010-Ohio-5669, ¶ 15. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 14.

{¶ 16} Based on the record before us, we find that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea without first holding an evidentiary hearing. Appellant's motion was premised on an "innocence" claim, yet he provided no evidence or affidavits in support of his claim. Appellant claimed the victim intended to recant statements that appellant had committed domestic violence against her. However, he did not provide an affidavit or any other evidence demonstrating B.J.S. had recanted or intended to recant her statement about the events that occurred on November 11, 2020 when filing any of his motions to withdraw his guilty plea. The burden was on

appellant to establish a manifest injustice "based on specific facts either contained in the record or supplied through affidavits attached to the motion." *State v. Moncrief*, 10th Dist. Franklin No. 08AP-153, 2008-Ohio-4594, ¶ 11. A claim by appellant—or his counsel—that B.J.S. expressed a desire to recant during telephone calls, without any evidence submitted to support such a claim, failed to establish a reasonable likelihood that withdrawal of appellant's plea was necessary to correct a manifest injustice.

{¶ 17} Additionally, the phone calls that appellant relies on—phone calls that were produced by the state—do not indicate that B.J.S. wished to recant her testimony or that she had some ulterior motive in reporting appellant's violent actions to the police back in November 2020. "'[R]ecantations of prior witness statements must be examined with the utmost suspicion.'" *Robinson* at ¶ 19, quoting *Houston v. State*, 8th Dist. Cuyahoga No. 98118, 2012-Ohio-4404, ¶ 41. Nothing in the phone calls indicate B.J.S. wished to voluntarily, without pressure or coercion, recant her statement about what occurred on November 11, 2020. Rather, time and time again, B.J.S. can be heard on the phone calls talking about how appellant was in prison because of his own actions. She noted that appellant could not keep his hands off women and he was "do[ing] a nickel because [she] gave [him] a chance and [he] fucking g[o]t out, beat [her] again, [went] back in, and fuck[ed] up twice now." B.J.S. refused to perjure herself or lie about the domestic violence events. Eventually, after being called dozens upon dozens of times and being pressured by appellant, she says she'll provide a "statement" after talking to an attorney. However, no such statement was ever produced or provided to the court.

{¶ 18} Accordingly, under the circumstances of this case, where no evidence or affidavits were submitted by appellant in support of his motion to withdraw his guilty plea, we find that the trial court did not err in denying his motion without first holding an evidentiary hearing. Appellant failed to meet his burden of demonstrating a reasonable likelihood that

a withdrawal of his plea was necessary to correct a manifest injustice. Appellant's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

S. POWELL, P.J., and BYRNE, J., concur.