OPINION
{¶ 1} Appellant pro se, Daniel C. Smith ("appellant"), filed two notices of appeal from decisions by the Franklin County Court of Common Pleas, which were consolidated for purposes of filing the record, briefing, and oral argument. In the first notice of appeal, appellant appealed two entries dated May 8, 2008; one denying his motion to withdraw his guilty plea pursuant to Crim. R. 32.1 and the second denying his motion to have that motion considered by a different trial court judge. In the second notice of appeal, *Page 2 
appellant refers to the trial court's entry entered May 22, 2008. There are actually two entries dated May 21, 2008 and filed May 22, 2008. One denied appellant's motion for judicial release, and the second denied appellant's motion to amend his Crim. R. 32.1 motion. As appellant's brief fails to mention the denial of his motion seeking judicial release, we find that the second notice of appeal is addressed to the trial court's denial of his motion to amend the Crim. R. 32.1 motion.
 {¶ 2} On April 25, 2006, the Franklin County Grand Jury indicted appellant on one count of aggravated robbery and two counts of robbery stemming from an incident in which appellant broke into a vehicle. While the case was pending, appellant wrote a letter to the trial court expressing dissatisfaction with his appointed counsel. The trial court held a hearing on the scheduled trial date of July 24, 2006, during which appellant informed the court that he had had very little contact with his counsel. The trial court told appellant that there was no compelling reason for a change in counsel, and that changing counsel would not change the evidence in the case. The court continued the trial date, but did not appoint new counsel.
 {¶ 3} On October 19, 2006, appellant agreed to plead guilty to a charge of robbery as charged in Count 2 of the indictment in exchange for dismissal of Counts 1 and 3. The trial court held a sentencing hearing during which appellant stated that he was satisfied with counsel's representation, and that he was knowingly and voluntarily relinquishing his rights by entering the guilty plea. The trial court then sentenced appellant to a term of incarceration of four years.
 {¶ 4} Approximately one year and two months later, on November 28, 2007, appellant filed a motion seeking to withdraw his plea of guilty. In support of the motion, *Page 3 
appellant argued that he entered the guilty plea as a result of coercion by the trial court, the court had failed to fully comply with Crim. R. 11 during the sentencing hearing, and his appointed counsel had rendered ineffective assistance. After the state filed a response, appellant filed a pleading styled as a "REQUEST FOR CHANGE OF VENUE" asking the court to assign a trial judge other than the one who had sentenced appellant, arguing that the alleged coercion created a conflict making it inappropriate for the same court to consider the motion. On April 24, 2008, appellant filed a motion seeking to amend the motion to withdraw his plea of guilty to allege as additional grounds his trial counsel's failure to challenge a DNA swab that had been taken by police investigators.
 {¶ 5} The trial court denied appellant's motion to have a different judge assigned and his motion to withdraw his plea of guilty by separate entries dated May 8, 2008. Subsequently, the court denied appellant's motion to amend the motion to withdraw his plea of guilty by entry filed May 22, 2008. Appellant then filed these consolidated appeals, alleging as assignments of error:
 FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ABUSED ITS DESCRETION [sic] IN NOT ASSIGNING ANOTHER JUDGE TO PRESIDE OVER APPELLANT'S CRIM.R. 32.1 MOTION, RESULTING IN A CONFLICT OF INTEREST, VIOLATIVE OF APPELLANT'S CONSTITUTIONAL RIGHT TO A FAIR HEARING UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 SECOND ASSIGNMENT OF ERROR:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S CRIM.R. 32.1 MOTION WHEN IT IS CLEAR THAT THE TRIAL COURT USED COERCIVE TACTICS TO INDUCE THE APPELLANT INTO A GUILTY PLEA, THUS VIOLATIVE OF APPELLANT'S *Page 4 
CONSTITUTIONAL RIGHT TO THE SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION.
 THIRD ASSIGNMENT OF ERROR:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S CRIM.R. 32.1 MOTION WHEN IT IS CLEAR THAT APPELLANT'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE, WHEREBY VIOLATING APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 FOURTH ASSIGNMENT OF ERROR:
 THE TRIAL COUNSEL FOR THE DEFENDANT RENDERED INEFFECTIVE ASSISTANCE UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN SAID COUNSEL REFUSED TO CHALLENGE THE ORAL DNA SWAB CONDUCTED BY POLICE.
 {¶ 6} In his first assignment of error, appellant essentially argues that the trial judge should have recused himself from considering appellant's motion to withdraw his guilty plea because part of the basis for the motion was the trial court's own conduct. Section 5(C), Article IV of the Ohio Constitution vests sole authority to determine disqualification of a common pleas court judge in the chief justice of the Supreme Court of Ohio. State v. Melhado, Franklin App. No. 05AP-272,2006-Ohio-641, at ¶ 11, citing State v. Hughbanks, Hamilton App. No. C-010372, 2003-Ohio-187. Thus, a party that believes a judge of a court of common pleas should be disqualified from considering a matter must file an affidavit of disqualification with the clerk of the Supreme Court of Ohio. Melhado, at ¶ 11. Consequently, a court of appeals is without authority to consider an error regarding the recusal or disqualification of a judge of the court of common pleas. Id., citingState v. Ramos (1993), 88 Ohio App.3d 394, 623 N.E.2d 1336. *Page 5 
 {¶ 7} Consequently, appellant's first assignment of error is overruled.
 {¶ 8} Appellant's second, third, and fourth assignments of error take issue with the trial court's denial of appellant's motion to withdraw his guilty plea, and will therefore be addressed together. Crim. R. 32.1 provides that, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 9} Because appellant sought to withdraw his guilty plea after sentencing, appellant must demonstrate a manifest injustice in order to set aside the plea. State v. Smith (1977), 49 Ohio St.2d 261,3 O.O.3d 402, 361 N.E.2d 1324. In order to show a manifest injustice, a defendant must show that there was some fundamental flaw in the proceedings that resulted in a miscarriage of justice or was inconsistent with the requirements of due process. State v. Moncrief, Franklin App. No. 08AP-153, 2008-Ohio-4594. The defendant bears the burden of showing manifest injustice based on facts contained in the record or supplied through affidavits. State v. Orris, Franklin App. No. 07AP-390,2007-Ohio-6499. "An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim. R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."Smith, supra, at paragraph three of the syllabus.
 {¶ 10} Reviewing courts will not disturb a trial court's decision on a motion to withdraw a guilty plea absent an abuse of discretion.State v. Caraballo (1985), 17 Ohio St.3d 66, 17 OBR 132, 477 N.E.2d 627. Abuse of discretion means "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or *Page 6 
unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,5 OBR 481, 450 N.E.2d 1140.
 {¶ 11} As the first ground for withdrawing his guilty plea, appellant argues that he was coerced into pleading guilty by comments made by the trial court during the hearing held for the purpose of considering appellant's complaints about his trial counsel. Specifically, appellant claims that the trial court made statements that the evidence against him was so overwhelming that appointment of a different attorney would not affect the outcome of the case, and that these statements made him feel he had no choice but to enter the guilty plea.
 {¶ 12} In its decision denying appellant's motion, the trial court explained that these statements were made for the purpose of addressing appellant's argument that his appointed counsel was focusing solely on negotiating a guilty plea rather than preparing possible defenses. Having reviewed the transcript of the hearing, we agree that there was nothing in the trial court's statements that could be considered to be coercive, and that appellant's claim that he was coerced by the statements into pleading guilty is not credible, particularly given the delay between the entry of the guilty plea and appellant's claim that he was coerced.
 {¶ 13} Consequently, appellant's second assignment of error is overruled.
 {¶ 14} As the second and third grounds to withdraw his guilty plea, appellant argues that he should be allowed to withdraw his guilty plea because he received ineffective assistance of counsel; first, because his trial counsel did not communicate with him or prepare a defense, and second, because his trial counsel did not seek to exclude from evidence a DNA swab taken by the police. Ineffective assistance of counsel can *Page 7 
form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim. R. 32.1. State v. Dalton,153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509.
 {¶ 15} A defendant seeking to withdraw a guilty plea based on ineffective assistance of counsel must show first that counsel's performance was deficient, and second that there is a reasonable probability that, but for counsel's errors, the defendant would not have agreed to plead guilty. State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 16} In considering the first prong of the Strickland test, a reviewing court must presume that counsel's conduct falls within the wide range of reasonable professional assistance. State v.Ketterer, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48. The record here does not show deficient performance by appellant's trial counsel. At the July 24, 2006 hearing, trial counsel explained to the court that he had not been in contact with appellant because appellant had informed him that he would be retaining other counsel. (July 24, 2006 Tr., 5.) Counsel also explained that the facts and evidence were uncomplicated, and that it was his intention to provide the best defense possible under the circumstances. Id. At the October 19, 2006 plea and sentencing hearing, appellant stated that counsel had fully explained the effect of the plea agreement that had been reached, and that he was satisfied with the representation counsel had provided. (October 19, 2006 Tr., 5.)
 {¶ 17} Furthermore, even if we were to assume that counsel's failure did fall outside the wide range of reasonable professional representation, appellant's ineffective *Page 8 
assistance claim would still fail. In order to satisfy the second prong of the Strickland test in a case in which a guilty plea was entered, an appellant must show that, but for counsel's deficient performance, the appellant would have insisted on going to trial instead of pleading guilty. State v. Smith, Franklin App. No. 07AP-985, 2008-Ohio-2802. In this case, appellant has neither claimed nor offered any evidence that, but for his counsel's actions, he would have insisted on going to trial instead of entering the guilty plea.
 {¶ 18} As for appellant's claim that trial counsel was ineffective for failing to challenge the DNA swab obtained by the police, when the claimed ineffective assistance of counsel involved trial counsel's failure to file a motion to suppress evidence, a defendant must show that there was a basis to suppress the evidence in question. State v.Brown, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858. Nothing in the record provides any basis to support the conclusion that there was a basis to suppress that evidence.
 {¶ 19} Consequently, the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea. Therefore, appellant's third and fourth assignments of error are overruled.
 {¶ 20} Having overruled each of appellant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
 BROWN and TYACK, JJ., concur. *Page 1