OPINION
{¶ 1} This is an appeal by defendant-appellant, Daniel L. Eck, from a judgment of the Franklin County Court of Common Pleas, denying appellant's motion to withdraw a guilty plea.
 {¶ 2} On August 14, 1990, appellant was indicted on one count of aggravated burglary, in violation of R.C. 2911.11, and three counts of felonious assault, in violation of R.C. 2903.11. On December 12, 1990, appellant entered guilty pleas to all four counts of the indictment, and the trial court sentenced appellant by judgment entry filed December 14, 1990. *Page 2 
 {¶ 3} On September 24, 1998, appellant filed a motion to suspend further execution of his sentence, and he also requested an order by the court to place him under probation supervision. The state filed a memorandum contra appellant's motion. By decision and entry filed January 29, 1999, the trial court denied appellant's motion to suspend sentence.
 {¶ 4} On June 28, 2006, appellant filed a motion to withdraw his guilty plea, pursuant to Crim. R. 32.1, and a motion for relief from judgment. The trial court conducted an evidentiary hearing, and, by decision and entry filed July 14, 2008, the court denied appellant's motions.
 {¶ 5} On appeal, appellant sets forth the following assignment of error for this court's review:
 THE TRIAL COURT ERRS IN DENYING A MOTION TO WITHDRAW ONE COUNT OF A PREVIOUSLY ENTERED GUILTY PLEA WHEN A) THE FACTS SHOW THE ACCUSED DID NOT COMMIT THE OFFENSE IN QUESTION AND B) DEFENSE COUNSEL GAVE IMPROPER ADVICE, UPON WHICH THE ACCUSED RELIED TO HIS PREJUDICE.
 {¶ 6} Under his single assignment of error, appellant contends the trial court erred in denying his motion to withdraw one of the counts to which he entered a guilty plea on December 12, 1990. Specifically, appellant argues that the facts indicate he did not commit the offense of aggravated burglary. Appellant further maintains that his trial counsel provided ineffective assistance by erroneously advising him to plead guilty to that count based upon a misunderstanding of the charges.
 {¶ 7} In the instant case, because he seeks to withdraw his guilty plea post-sentence, appellant "must demonstrate a manifest injustice in order to set aside the plea." *Page 3 State v. Smith, Franklin App. No. 08AP-420, 2008-Ohio-6520, at ¶ 9. A showing of "manifest injustice" requires that there exist "some fundamental flaw in the proceedings that resulted in a miscarriage of justice or was inconsistent with the requirements of due process." Id. A reviewing court will not disturb a trial court's ruling on a motion to withdraw a guilty plea absent an abuse of discretion. Id., at ¶ 10.
 {¶ 8} Ineffective assistance of counsel may form the basis for a claim of manifest injustice to support withdrawal of a guilty plea under Crim. R. 32.1. Id., at ¶ 14. In order to demonstrate a claim of ineffective assistance of counsel, a defendant is required to show that counsel's performance "was deficient, i.e., not reasonably competent, and that counsel's deficiencies prejudiced his defense." State v.Allison, Pickaway App. No. 06CA9, 2007-Ohio-789, at ¶ 10, citingStrickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. A defendant "must overcome the strong presumption that attorneys licensed to practice in Ohio provide competent representation." Id. Further, "in the context of a guilty plea, a defendant must also demonstrate that there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial." Id.
 {¶ 9} In arguing that the trial court erred in failing to grant the motion to withdraw his plea, appellant's primary assertion is that there was an insufficient factual basis to support a guilty plea to the offense of aggravated burglary. By way of background, during the plea hearing in 1990, the state recited the following statement of facts giving rise to the indictment:
 THE FACTS * * * IN THIS CASE OCCURRED AUGUST 5 OF THIS YEAR, APPROXIMATELY TWO IN THE MORNING. DIANE * * * [CHORNIAK] WAS AWAKENED BY SCREAMS FROM HER SON, JOSHUA'S BEDROOM. UPON *Page 4 
INVESTIGATING, SHE OBSERVED THE DEFENDANT, DANIEL ECK, WHO IS KNOWN TO HER AS THE NEIGHBOR'S BROTHER, STANDING IN THE ROOM WITH A CLAW HAMMER IN HIS HAND. THE DEFENDANT STRUCK HER SON, JOSHUA, NUMEROUS TIMES ON THE HEAD WITH THE HAMMER. HE STRUCK HER DAUGHTER, LAURA, AGE SEVEN, NUMEROUS TIMES WITH THE HAMMER ON THE HEAD AND DIANE * * * NUMEROUS TIMES ON THE HEAD WITH THE HAMMER. ALL THREE PERSONS WERE LATER TREATED FOR SKULL FRACTURES. HER OLDER DAUGHTER, TRACY, HEARD THE COMMOTION, ATTEMPTED TO GET HELP. ULTIMATELY, SHE WENT OUTSIDE AND ATTRACTED THE ATTENTION OF THE NEIGHBORS, THE POLICE WERE CALLED. THE DEFENDANT HAD FLED PRIOR TO THE TIME OF THE POLICE ARRIVING AT THE SCENE. THEY WERE ALL TAKEN TO VARIOUS HOSPITALS AND TREATED AT THAT TIME.
(Tr. Dec. 12, 1990, at 3-4.)
 {¶ 10} According to appellant, on the night of the events at issue, he was intoxicated to such a degree that he could not form the purpose to knowingly trespass onto the Chorniak's residence (which was located adjacent to his sister's residence). Appellant, who claims he suffered a subdural hematoma in 1989, and had a history of blackouts prior to the incident, believes he mistakenly entered the residence in question that evening as the result of an alcoholic blackout, and that he was acting instinctively when he assaulted two children and their mother by striking them with a hammer. Appellant also argues that the above facts are crucial to a determination whether he received improper advice regarding his entry of a guilty plea to one count of aggravated burglary.
 {¶ 11} During the hearing on appellant's motion to withdraw his guilty plea, the trial court commented it had not "heard anything today that was not available at the time that the plea was entered." (Tr. June 17, 2008, at 10-11.) Specifically, the trial court noted, at *Page 5 
the time appellant entered his guilty plea in 1990, his trial counsel was "aware of the fact of his * * * head injury that had occurred," and counsel also was "aware of the facts concerning his intoxication[.]" (Tr. June 17, 2008, at 11.)
 {¶ 12} Appellant argues that certain psychological reports, prepared and submitted to the court in 1998 with his motion to suspend sentence, provided details of an alcoholic blackout that occurred at the time of the offense. In response, the state notes that appellant waited eight years after the 1998 reports became available to submit his motion to withdraw the guilty plea. The state further maintains there is no excuse for appellant's almost 16-year delay between the time of his plea and the filing of his motion to withdraw.
 {¶ 13} Ohio courts have recognized that "`[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim. R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" Smith, supra, at ¶ 10, quoting State v. Smith (1977),49 Ohio St.2d 261, paragraph three of the syllabus.
 {¶ 14} Even accepting that appellant's delay in bringing the motion was not unduly lengthy, we find no manifest injustice entitling appellant to withdraw his guilty plea. At the outset, we note that the instant case involves a negotiated plea agreement, and we agree with the state that, in accordance with Ohio law at the time of appellant's plea, voluntary intoxication was not a complete defense to a crime; specifically, prior to 2000, voluntary intoxication could be used by a defendant not as a defense, but, rather, as a possible negation of the required intent for a crime. See State v. Mitts (1998),81 Ohio St.3d 223, 228 (stating that "`[t]he common law and statutory rule in American jurisprudence is that voluntary intoxication is not a defense to any crime.' Nonetheless, `where specific intent is *Page 6 
a necessary element, * * * if the intoxication was such as to preclude the formation of such intent, the fact of intoxication may be shown to negative this element'").
 {¶ 15} In the present case, had appellant's case gone to trial, evidence of voluntary intoxication and/or the degree of such intoxication may arguably have been relevant and admissible as to the question whether appellant was capable of forming the requisite intent for the commission of aggravated burglary. State v. Fox (1981),68 Ohio St.2d 53, 54 (in a case involving a specific intent crime, evidence of voluntary intoxication "may be taken" in order to show a defendant was precluded from forming the necessary intent to commit the offense). As noted by the state, however, the prosecution could have challenged the veracity of appellant's claimed alcoholic blackout (which, according to the state, included evidence appellant may have lied about previous purported blackouts). In addition, the trial court would have retained discretion as to whether to instruct on intoxication as a defense.State v. Hill (1995), 73 Ohio St.3d 433, 443 (recognizing trial court's discretion as to whether to instruct jury on intoxication as a defense; "we will not impose a requirement for a trial judge to so instruct a jury, since `[i]ntoxication is easily simulated' and `often voluntarily induced for the sole purpose of nerving a wicked heart'").
 {¶ 16} We also note that, while appellant contends he has little recollection of the events at issue, the fact that a defendant "lacked memory of the events is quite different from a finding that he lacked the ability to form an intent to commit those acts." State v.Slagle (June 14, 1990), Cuyahoga App. No. 55759. Further, under Ohio law, "[f]or purposes of defining the offense of aggravated burglary pursuant to R.C. 2911.11, a defendant may form the purpose to commit a criminal offense at any point during the course of a trespass."State v. Fontes (2000), 87 Ohio St.3d 527, syllabus. Thus, while *Page 7 
the issue of intoxication may have been relevant had the case gone to trial, we disagree with appellant's assertions that alleged intoxication precluded the charge of aggravated burglary, or that there existed no factual basis to support the plea.
 {¶ 17} Moreover, appellant does not point to anything in the record indicating that, in the absence of the negotiated plea, the trial court would have entered a similar sentence as to the three counts of felonious assault (8 to 15 years on each count to be served concurrently). To the contrary, the record suggests that the trial court would have entered a more severe sentence had it not been for the negotiated plea arrangement. Specifically, during the 1990 plea hearing, the trial judge stated: "Normally on a fact pattern like this, I would not be giving as low a sentence as I consider in light of the nature of the crime." (Tr. Dec. 12, 1990, at 10.) The trial judge agreed, however, to "accede to the recommendations of the prosecution with a great deal of reluctance." (Tr. Dec. 12, 1990, at 11.)
 {¶ 18} Appellant's contention that he received ineffective assistance of counsel derives from his claim that no factual basis existed for his guilty plea to the offense of aggravated burglary. Because we have found that argument to be without merit, we similarly find unpersuasive appellant's claim of deficient performance.
 {¶ 19} Moreover, we note that in the affidavit submitted with his motion to withdraw, appellant does not aver that he would have insisted on going to trial based upon his misunderstanding as to the law of aggravated burglary. Rather, appellant asserts he would have "insisted on a negotiated plea regarding the remaining charges, i.e. the felonious assaults[.]" (Affidavit of appellant, at ¶ 17.) However, appellant's assertion that he would have insisted on a negotiated plea regarding the remaining *Page 8 
counts of felonious assault implicates matters of trial strategy for which a claim of ineffective assistance of counsel does not lie. SeeUnited States v. Garcia (D.C.Kan. 2001), No. 01-3029-JWL (the failure of trial counsel to negotiate a different plea agreement is more accurately characterized as trial strategy that does not constitute ineffective assistance of counsel); Lawuary v. United States (CD.Ill. 2002), 199 F.Supp.2d 866, 877 ("[petitioner does not point to any authority holding that the failure of counsel to negotiate a different or better plea agreement amounts to a deviation from reasonable professional assistance * * * [and] [t]he failure to negotiate a different plea agreement should instead be characterized as trial strategy that does not constitute ineffective assistance of counsel"). We further note there is nothing in the record indicating that the state would have accepted such a plea as to the felonious assault charges. Thus, appellant has failed to satisfy the requirement that, in the context of a guilty plea, there exists "a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial."Allison, supra, at ¶ 10.
 {¶ 20} Based upon the foregoing, we find that the trial court did not abuse its discretion in denying appellant's Crim. R. 32.1 motion to withdraw his guilty plea as appellant failed to demonstrate that the withdrawal of his plea to one count of the 1990 indictment was necessary to correct a manifest injustice. Accordingly, appellant's single assignment of error is without merit and is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
McGRATH and TYACK, JJ., concur. *Page 1