[Cite as *State v. Carter*, 2019-Ohio-3485.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| OLIVIA CARTER | : | Case No. CT2018-0072 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2018-0373

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     August 26, 2019

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                 JAMES ANZELMO
Prosecuting Attorney                   Anzelmo Law
Muskingum County, Ohio             446 Howland Drive
                                                    Gahanna, Ohio 43230
By:  TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Baldwin, J.*

**{¶1}** Olivia Carter appeals the two year sentence imposed by the Muskingum County Court of Common Pleas after entering a plea of guilty to three counts of Receiving Stolen Property (credit cards), in violation of R.C. 2913.51(A), felonies of the fifth degree; six counts of Forgery, in violation of R.C. 2913.31(A)(2), felonies of the fifth degree; three counts of Theft by Deception, in violation of 2913.02(A)(3), misdemeanors of the first degree; one count of Possession of Criminal Tools, with a forfeiture specification, in violation of R.C. 2923.24(A), a felony of the fifth degree; one count of Theft (credit card), in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; one count of Identity Theft, in violation of R.C. 2913.49(B)(1), a felony of the fifth degree and one count of Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.32(A)(1), a felony of the second degree.

**{¶2}** Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

**{¶3}** Appellant, after being charged, admitted to the theft of the victim's purse from an automobile. The contents of the purse included three credit cards owned by three different parties. One card was held by the victim in her individual name, one card was a joint account held by the victim and her fiancé, and a medical facility was the holder of the third credit card account. Each card was used at least once, but all were used at different locations.

**{¶4}** Appellant was indicted on seventeen counts, but as a result of a plea agreement a telecommunications charge was dismissed. The parties also addressed the merger of certain counts in the indictment and stipulated that, for the purposes of

sentencing, Counts One, Two, Three, Four and Five should merge; the State electing to sentence on Count One; Counts Six, Seven, Eight, Nine and Ten should merge, the State electing to sentence on Count Six; and Counts Eleven, Twelve and Thirteen should merge, the State electing to sentence on Count Thirteen. The parties presented this stipulation to the trial court with a joint recommendation of a two year sentence. The trial court accepted the stipulation, agreed to the joint recommendation, including the merger of offenses as outlined above. The trial court sentenced Appellant to two years of incarceration.

**{¶5}** Appellant filed a timely appeal and submitted two assignments of error:

**{¶6}** "I. THE TRIAL COURT COMMITTED PLAIN ERROR BY NOT MERGING CARTER'S RECEIVING STOLEN PROPERTY OFFENSES, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**{¶7}** "II. CARTER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

## ANALYSIS

**{¶8}** Appellant's argument cites case law that supports the conclusion that charges of receiving stolen property arising from one transaction shall be merged, but the precedent she cites does not address the distinctive facts of this case. The credit cards at issue were all held by different persons, and each suffered separate, distinct harms. Further, the parties negotiated and agreed upon a joint recommendation regarding the

sentence which specifically identified which charges were to be merged.  A resolution of this appeal requires consideration of the impact of those differences.

**{¶9}**   Appellate review of an allied-offense question is de novo. *State v. Miku*, 5th Dist. No. 2017 CA 00057, 2018-Ohio-1584, 111 N.E.3d 558, appeal not allowed, 154 Ohio St.3d 1479, 2019-Ohio-173, 114 N.E.3d 1207, *citing State v. Williams,* 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12.

**{¶10}** The Supreme Court of Ohio has explained "that an accused may be convicted and sentenced for multiple offenses when "(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm , (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation."  *State v. Williams,* 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 18 quoting *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25.

**{¶11}** This court has cited *Ruff* with approval and noted that "[o]ffenses are of dissimilar import when a defendant's conduct "victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted on multiple counts."  *State v. Montgomery,* 5th Dist. Guernsey No. 18 CA 38, 2019 WL 2354946, ¶22.

**{¶12}** Three separate parties were harmed in this case; the victim who owned the purse and was the sole holder of one of the credit card accounts, her fiancé, the joint owner of a different account and the medical facility, the holder of the third credit card account. Each credit card was used by Appellant at least once and always at a different

location.  The harm for each person was separate and distinct and, therefore, the offenses were of dissimilar import and the Appellant could be convicted on multiple counts.

**{¶13}** The record supports the contention that defense counsel completed the same analysis before entering a plea agreement/joint recommendation for sentence and receiving a sentence significantly less than the maximum that may have been imposed. The Appellant's plea agreement is not silent on the issue of allied offenses of similar import, but expressly addresses the issue, making it unnecessary for the trial court to complete an analysis of the charges under R.C. 2941.25.  *State v. Underwood,* 124 Ohio St.3d 365, 371, 2010–Ohio–1, 922 N.E.2d 923, as quoted in *State v. Cisco*, 5th Dist. Delaware No. 13 CAA 04 0026, 2013-Ohio-5412, ¶ 24.

**{¶14}**  During the plea hearing the prosecutor mentioned that he had "spoken with Ms. Otto (defense counsel) beforehand about merger" to which the trial court responded "I would assume they all merge, but you go ahead." Thereafter the prosecutor described the merger that had been discussed with Appellant's trial counsel. The trial court further inquired about the merger of the criminal tools charge with the theft offenses and both the prosecutor and trial counsel agreed that the criminal tools charge would merge. Thereafter the prosecutor summarized the offenses after merger "as 5F fives left, those being on counts one, six, 11, 14 and 15 and then the count 17 is an F2. (sic)" The trial court turned to Appellant's trial counsel who responded "no objection, your honor" and the court granted the merger.

**{¶15}** The Appellant engaged in plea negotiations, part of which included the merger of offenses, considered and approved the merger as presented to the trial court and now contends that the trial court was obligated to reject the terms of the plea

agreement she approved. Even if we were to assume that the trial court erred by not merging the charges referenced by Appellant, the invited error doctrine prohibits a party from taking advantage of an error that appellant induced the court to make and applies to errors arising from a negotiated plea agreement. *State v. Spencer*, 5th Dist. Fairfield No. 14-CA-42, 2015-Ohio-3064, ¶ 28. The issue of which charges to merge was decided as part of the negotiated plea agreement, and to allow argument that the trial court erred by not disallowing the mergers as approved by the parties would violate the invited error doctrine. *State v. Patterson*, 5th Dist. Muskingum No. CT2008-0054, 2009-Ohio-273, ¶ 11. As the Supreme Court of Ohio has stated:

> The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible.

*Lester v. Leuck* (1943), 142 Ohio St. 91, 92-93, 50 N.E.2d 145, quoting *State v. Kollar* (1915), 142 Ohio St. 89, 91, 49 N.E.2d 952.

{¶16} The parties in this case negotiated a plea agreement, addressed the merger of charges within that agreement and requested the trial court's approval of that agreement. The trial court was prepared to merge all of the offenses, but the parties

presented a different merger plan. The prosecutor presented mergers that differed from the trial court's intent to merge all of the offenses and Appellant's trial counsel expressed that she had "no objection." Appellant invited any error that could be attributed to a failure to merge the offenses as Appellant now contends was proper and, for that reason, we cannot countenance this argument.

{¶17} The first assignment of error is overruled.

{¶18} In her second assignment of error, Appellant contends that she received ineffective assistance of counsel when her trial counsel did not object "when the trial court decided not to merge the receiving stolen property offenses."

{¶19} The standard of review of an ineffective assistance of counsel claim is well established. Pursuant to *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶20} Appellant's trial counsel entered into a plea agreement that resulted in Appellant receiving a two year sentence for sixteen separate counts, several of which were felonies which could have served as the basis for a more lengthy term. The plea agreement also resulted in the dismissal of a charge of Telecommunications Fraud, a violation of R.C. 2913.05(A) and a fifth degree felony. We have found that the trial court did not commit error by accepting the plea agreement as submitted or, in the alternative, we found that any error was invited. We likewise conclude that the record does not show

that counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties. Further, Appellant submits no argument to support a conclusion that Appellant was prejudiced as a result of her trial counsel's alleged inaction or that the outcome would have differed had trial counsel insisted on the merger appellant now contends was appropriate. Finally, we find that the "failure to negotiate a different plea agreement should instead be characterized as trial strategy that does not constitute ineffective assistance of counsel". *State v. Eck*, 10th Dist. Franklin No. 08AP-675, 2009-Ohio-1049, ¶ 19, quoting *Lawuary v. United* States, 199 F.Supp.2d 866, 877 (C.D.Ill.2002).

**{¶21}** We hold that Appellant's trial counsel was not ineffective and therefore overrule the second assignment of error.

**{¶22}** The decision of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.